Wanda L. ROGERS, individually and on Behalf of Carl A. Rogers, her husband, and as guardian ad litem for their natural children, Wendy Rogers, Corey Rogers, Wallace Rogers, Ross Rogers, and Adam Rogers

v.

The UNITED STATES.

No. 218–85C.

United States Claims Court.

Dec. 31, 1986.

Brinton R. Burbidge, Salt Lake City, Utah, for plaintiff.

Lynn J. Bush, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant. Major James M. Kinsella, Office of Gen. Counsel, U.S. Air Force, of counsel.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

In the second amended complaint, the plaintiff, Wanda L. Rogers, is suing individually, and also on behalf of her husband and their minor children, for military retired pay allegedly due her husband, Carl A. Rogers, for the period beginning with the month of March 1981.

The case is now before the court on cross-motions for summary judgment filed by the parties.

### The Undisputed Facts

The material facts in the case, as to which there does not seem to be any substantial dispute between the parties, will be set out in this part of the order.

Carl A. Rogers (Mr. Rogers) is the husband of the plaintiff and the father of their five minor children.

Mr. Rogers served on active duty in the United States Air Force from 1966 to 1974. In 1974, while serving in the rank of technical sergeant (E–6), he was diagnosed as suffering from, *inter alia*, severe acute psychotic depression, with active and passive suicidal thoughts. As a result of this diagnosis, he was placed on the temporary disability retired list as of July 18, 1974. Some 4 years later, Mr. Rogers was retired from the Air Force because of permanent disability.

Following Mr. Rogers' permanent retirement from the Air Force, he received monthly disability retirement payments from the Air Force until May 5, 1980, when Mr. Rogers left the family home in Cedar City, Utah. Mr. Rogers has never returned to his family, who have continued to live in Cedar City; and he has not been seen or heard of since May 5, 1980, by the plaintiff or anyone else known to her.

After the disappearance of Mr. Rogers, the plaintiff informed the Air Force of his disappearance. Nevertheless, Mrs. Rogers continued to receive Mr. Rogers' monthly disability retirement payments from the Air Force, through the month of February 1981. In the month of March 1981, however, the Air Force took the position that Mr. Rogers was presumed to be dead; and the monthly retirement payments were discontinued beginning in that month.

The Air Force subsequently changed its position and determined administratively that Mr. Rogers was missing, rather than dead, and that he had been in a missing status since May 1980. No further monthly disability retirement payments have been issued by the Air Force, however, out of Mr. Rogers' retired pay account since February 1981.

### Previous Proceedings

In proceedings before a Utah state court, to which the United States was not a party, the plaintiff had Mr. Rogers declared legally dead as of March 5, 1981, pursuant to Utah Code Annotated § 26–2–15.

The plaintiff and her children presented a proper copy of Mr. Rogers' death certificate (issued pursuant to the action of the Utah state court) and an appropriate application for widow's and children's benefits to the Social Security Administration of the Department of Health and Human Services (HHS), and also to the Administrator of the Veterans Administration (VA). Each of these agencies rejected the claims on the basis that, in the event of an unexplained absence of an individual, there is a legal presumption that the missing person is alive for a period of 7 years after the date of disappearance. Less than 7 years had

expired since the date of Mr. Rogers' disappearance on May 5, 1980.

After these adverse administrative actions, the plaintiff filed a complaint on or about June 29, 1984, in the United States District Court for the District of Utah against the United States, the Secretary of the Air Force, the Secretary of HHS, and the Administrator of the VA. In a memorandum opinion dated April 5, 1985, the District Court held that it had no jurisdiction over the case, and transferred the case to the Claims Court. This court received the record from the District Court on April 16, 1985.

The plaintiff filed a complaint in this court on May 13, 1985, and subsequently filed an amended complaint on June 26, 1985. The amended complaint sued for Mr. Rogers' retirement benefits beginning with the month of March 1981, or, in the alternative if Mr. Rogers were deemed to be dead, for survivor benefits allegedly due from HHS and for death benefits allegedly due from the VA.

On August 22, 1985, the defendant filed a motion to dismiss on the ground that the Claims Court lacked jurisdiction over the case. This motion was denied by the court in an unpublished order dated January 10, 1986.

By leave of the court, the plaintiff thereafter filed a second amended complaint on February 3, 1986. For purposes of the present cross-motions for summary judgment, the second amended complaint is the operative complaint. It seeks to establish the plaintiff's right to collect retired pay due Mr. Rogers, but it does not sue, in the alternative, for survivor or death benefits.

### The Issue

The issue to be decided by the court in this case is whether, in a situation where a military retiree has been missing for a period of years less than 7, the spouse of such person is entitled to collect the retired pay due the retiree.

For the reasons discussed subsequently, the court concludes that this question must be answered in the negative.

### Discussion

■ In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the Court stated that "the military retirement system confers no entitlement upon the retired service member's spouse" (*id.* at 244, 101 S.Ct. at 2737), and that military retirement pay is a retiree's "personal entitlement" (*id.* at 226, 101 S.Ct. at 2738; quotation marks in original). Consequently, absent some express statutory authority to the contrary,[1] the spouse of a military retiree cannot collect the retiree's pay from the military department concerned. The plaintiff has not cited—and the court is not aware of—any statutory provision that would make the Supreme Court's decision in *McCarty* inapplicable to the present case.

■ Consistent with the view that retirement pay is a retiree's personal entitlement, and that the dependents of a retiree do not have any right to such pay, the Government has adopted the practice of suspending retired pay when a retiree is missing, and of terminating retired pay when the retiree is dead. *See Ackley*, 62 Comp.Gen. 211 (1983); *Erskine*, 48 Comp. Gen. 706 (1969). In the case of a missing retiree, when the date of the retiree's death is established, the Government permits those persons with priority under 10 U.S.C. § 2771 (1982) to obtain the amount of retirement pay accrued during the period between the time when the retired pay was discontinued and the date of the retiree's death. *See Ackley*, 62 Comp.Gen. at 212.

It appears that, in 1984, Congress impliedly approved the propriety of suspending the payment of retirement benefits to miss-

1. In 10 U.S.C. § 1408 (1982 and Supp. III 1985), Congress made an exception to the Supreme Court's ruling in *McCarty*. That section requires the Secretary of the military service concerned to pay part of a military retiree's benefits to his former spouse *if* a court order dealing with the dissolution of the marriage so provides. Section 1408 is inapplicable in this case because there has been no dissolution of the Rogers marriage.

ing retirees. In section 642(b)(2) of Public Law 98–525, enacted October 19, 1984 (98 Stat. 2492, 2546), Congress amended section 1450 of Title 10, United States Code, by adding at the end thereof a new subsection reading in part as follows:

(*l* )(1) Upon application of the beneficiary of a participant in the plan [Survivor Benefit Plan] *whose retired * * * pay has been suspended on the basis that the participant is missing * * *,* the Secretary concerned may determine for purposes of this subchapter that the participant is presumed dead. * * * *[2] [Emphasis supplied.]

Although both parties now seem to accept the proposition that, for federal purposes, Mr. Rogers' legal status is that of a missing person, the court deems it appropriate to comment briefly on this point.

■ In *Acosta v. United States*, 162 Ct.Cl. 631, 320 F.2d 382 (1963), this court's predecessor, the Court of Claims, stated the federal rule to be as follows on when a person will be presumed to be dead after a prolonged, unexplained absence:

* * * We * * * hold that in pay claims against the Federal Government the normal presumption should be that death occurred at the end of a seven-year period of continued and unexplained absence. This presumption is not conclusive, of course, and either party is free to prove an earlier time of death. But in the absence or insufficiency of such proof the fact-finding tribunal should determine that the individual died at the close of the period. [162 Ct.Cl. at 636, 320 F.2d at 385; footnote omitted.]

In the present case, therefore, as 7 years have not yet expired since Mr. Rogers' disappearance on May 5, 1980, it must be presumed, in the absence of evidence to the contrary, that Mr. Rogers is still alive and is merely missing.

The existence of a Utah state court judgment declaring Mr. Rogers to be dead as of March 5, 1981, does not undermine this court's decision for the purposes of the present litigation that Mr. Rogers is missing, and not dead. As the Supreme Court has explained, "a State is without power by reason of the Supremacy Clause to provide the conditions on which the Federal Government will effectuate its policies." *United States v. Georgia Public Service Commission*, 371 U.S. 285, 293, 83 S.Ct. 397, 402, 9 L.Ed.2d 317 (1963).[3] In the present case, we are concerned with the question of whether the spouse of a missing military retiree is entitled to collect retired pay benefits allegedly due the retiree. As the Supreme Court indicated in *Georgia Public Service Commission*, the Utah state court, in determining Mr. Rogers to be dead as of March 5, 1981, lacked the power "to provide the conditions on which the Federal Government will effectuate its policies" concerning the payment of military retirement benefits.

On the basis of the previous discussion, the court concludes that Mr. Rogers must be presumed to be alive and missing, and that the plaintiff, as the spouse of Mr. Rogers, is not entitled to collect any retired pay that may be due Mr. Rogers for the period of his prolonged absence.

In her brief, the plaintiff advances several arguments based on the Fifth Amendment's Equal Protection and Due Process guarantees. It is well established, however, that "[t]his court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages." *Carruth v. United States*, 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980). *See Bellamy v. United States*, 7 Cl.Ct. 720, 723

---

**2.** The language quoted above is retained in the present version of 10 U.S.C. § 1450(*l* )(1) (Supp. 1985).

**3.** Article VI, Clause 2, of the Constitution provides in part as follows:

This Constitution, and the laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land * * *.

(1985). Because this court lacks jurisdiction to do so, it cannot consider these particular claims.

### Conclusion

Based upon the record before the court, the court concludes that there is no genuine issue as to any material fact necessary for the disposition of the case, and that the defendant is entitled to a judgment as a matter of law.

Accordingly, the defendant's motion for summary judgment is granted, and the plaintiff's cross-motion for summary judgment is denied.

The clerk will therefore dismiss the complaint, but such dismissal shall be without prejudice to the right of the plaintiff (and/or other dependents of Mr. Rogers) to begin new judicial proceedings after Mr. Rogers shall have been missing for a minimum period of 7 years.

No costs.

IT IS SO ORDERED.